

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 13, 1992

Honorable Terry D. McEachern
District Attorney
Hale County Courthouse
Plainview, Texas 79072

Opinion No. DM-118

Re: Whether a county auditor's salary is considered part of the "amount budgeted for expenses of the county auditor's office" for the purposes of the Local Government Code section 111.013, limiting increases in the budget of the county auditor's office
(RQ-259)

Dear Mr. McEachern:

You have requested an opinion from this office regarding the proper construction of Local Government Code section 111.013, relating to limitations on increases in the amount budgeted for expenses of the county auditor's office or salaries of assistant auditors without commissioners court approval. This statute, effective June 15, 1991, and applicable to counties with populations of less than 225,000 people provides the following in section 111.013:

> An increase from one fiscal year to the next in the amount budgeted for expenses of the county auditor's office or the salary of an assistant auditor shall not exceed five (5) percent without approval of the commissioners court.[1]

You have asked whether the salary of the county auditor is to be considered part of "the amount budgeted for expenses of the county auditor's office," such that

---

[1]The legislation establishing section 111.013 of the Local Government Code also established identical provisions for counties with populations of more than 225,000, Local Gov't Code § 111.044, and populations of more than 125,000 choosing to operate under Local Government Code section 111, subchapter C, Local Gov't Code § 111.074.

increases in the auditor's salary from one fiscal year to the next may not exceed five percent without commissioners court approval. We conclude that it is not.

We note at the outset that this office has previously found that "expenses" of an office, as used in similar statutes, do not include the salary of the officer or his deputy. *See* Attorney General Opinion H-1251 (1978) (salary of assistant county auditor does not come within "expenses" of county auditor for purposes of salary grievance procedure, where auditor is filing grievance); Letter Advisory No. 89 (1975) (county attorney's "expenses" do not encompass the entire budget of his office, but only his expenditures in performing his own duties). Moreover, we feel that Local Government Code section 152.031(a), regarding the compensation of the county auditor, clearly makes a distinction between the auditor's salary on one hand, and the auditor's expenses on the other, providing, in pertinent part, that

> the district judges appointing the county auditor shall set, by a majority vote, the auditor's annual salary as compensation for services *and the auditor's travel expenses and other allowances.*

Local Gov't Code § 152.031(a) (emphasis added). It is reasonable to believe that the drafters of section 111.013 were aware of the structure of section 152.031(a), and so did not regard the auditor's salary as being encompassed by the term "expenses" in section 111.013.

The legislative history of Local Government Code section 111.013 provides an even stronger basis for our conclusion that the auditor's salary is not included in the five percent increase in salary limitation. Section 111.013 had its genesis in House Bill 1846 and Senate Bill 1035 of the 72d Legislature. The House Engrossment of House Bill 1846 differed significantly from the current text of section 111.013. Section 1 of that draft provided the following:

> Subchapter A, Chapter 111, Local Government Code, is amended by adding Section 111.013 to read as follows:
>
> Sec. 111.013. LIMITATION ON BUDGET OF COUNTY AUDITOR. An increase from one fiscal year to the next in the amount budgeted *for all expenses and salaries of the county auditor's office* may not exceed the average percentage increase

for all other county offices and departments in the general fund
without approval of the commissioners court. [Emphasis added.]

However, the Senate approved a substitute version of the bill, comprising the language of what is now section 111.013 of the Local Government Code. In this version "all expenses and salaries of the county auditor's office" was changed to "expenses of the county auditor's office or the salary of an assistant auditor."[2] It seems clear to us that the intended effect of the substituted language in the final draft was to free the county auditor's salary from the five percent increase limitation.

Accordingly, we conclude that the salary of the county auditor is not to be considered part of the expenses of the county auditor's office subject to the five percent increase limitation of Local Government Code section 111.013.

## SUMMARY

Local Government Code section 111.013 provides that an increase from one fiscal year to the next in the amount budgeted for the expenses of the county auditor's office or the salary of an assistant county auditor may not exceed five percent without the approval of the commissioners court. The county auditor's salary should not be included in the calculation of the five percent increase authorized by section 111.013.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

[2]The Senate amendment was also responsible for the change in the limitation language from "may not exceed the average percentage increase for all other county offices and departments in the general fund" to "shall not exceed five (5) percent."

p. 610

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Faith S. Steinberg
Assistant Attorney General